30 F.3d 141
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mary Beth CLINTON, Plaintiff-Appellant,
v.
TRANSPORTATION INSURANCE CO., Defendant-Appellee.
 No. 94-5008.
 United States Court of Appeals, Tenth Circuit.
 Aug. 2, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Mary Beth Clinton appeals from the district court's judgment granting defendant Transportation Insurance Company's Fed.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted. The only issue on the appeal is whether the Oklahoma Supreme Court would recognize a cause of action against the defendant insurance company alleging bad faith for refusing to pay workers' compensation benefits under the circumstances involved here. We review a dismissal under Fed.R.Civ.P. 12(b)(6) de novo. Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993).
 
 
 3
 We agree with the district court that dismissal was proper because the case is controlled by a recent decision of the Oklahoma Supreme Court, Goodwin v. Old Republic Insurance Co., 828 P.2d 431 (Okla.1992). In that case the plurality assumed that Oklahoma would recognize a cause of action by an employee against an insurance company in tort for the willful, malicious, and bad faith refusal to pay an employee's workers' compensation award--three dissenters would not recognize such cause of action. Although recognizing the possibility of such a cause of action, the plurality opinion stated: "A bad faith claim is separate and apart from the work relationship, and it arises against an insurer only after there has been an award against the employer." Id. at 434 (emphasis added). In the case before us, there has not yet been an award by the Workers' Compensation Court. Plaintiff asserted an accidental injury arising out of the course of her employment; she instituted a claim in the Oklahoma Workers' Compensation Court which defendant is apparently contesting; the Compensation Court had not entered a decision when plaintiff filed the complaint, and nothing in the record indicates that court has ever entered a decision.
 
 
 4
 Plaintiff alternatively asks us to certify the question of Oklahoma's recognition of the bad faith claim, and the necessity of a prerequisite of a Workers' Compensation Court award, to the Oklahoma Supreme Court. We decline that request. On the basis of the clear language of the Oklahoma Supreme Court in Goodwin, we conclude that an award is a prerequisite to any bad faith claim that the court might recognize.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470